Fish, J.
Upon the question of fact involved, there was-considerable conflict in the testimony of witnesses so that it was not easy to see clearly the line of duty. The referee was called upon to reconcile the evidence as well as he could. He was certainly better able to say what weight-ought to be given to the testimony of any witness, whether interested or not, than this court can, upon the report of the evidence.
Upon a careful reading of the case, there is little doubt, but that substantial justice has been done.
The referee found, as a fact, that no rent was paid by defendant after March 1, 1885. The defendant produced a check (B), for thirty dollars, dated July 18, to the order of Elaintiff and indorsed by him. The defendant testified that e .paid plaintiff thirty dollars upon rent by that check.
The plaintiff contradicts the defendant in this, testifying-positively that defendant was accustomed to borrow his indorsement from time to time; That this check was of that character, that it was not a payment of rent; and he for *275 tified his recollection in identifying letters, A., C,. C., D., noted upon it by himself, showing it to have been accomodation paper.
No fault can be found with a decision in favor of plaintiff’s theory.
The plaintiff was allowed the value of four motors at ten dollars, and two disks, two dollars. There was no doubt about the value put upon the motors, but the defendant objects to the two dollars for disks.
The plaintiff testified that two extra disks were gone.There does not seem to be any price or value proved, to these articles. They were charged in plaintiff’s bill of items at two dollars, and the defendant does not find fault with the price charged; he objects only that the disk is a part of the motor itself. This is probably so; but the proof is that two extra disks were gone. It would scarcely be wise to reverse -a judgment, where an item of two dollars only was allowed without direct evidence of its value, if the proof was sufficient that the article was had. De minimis non curat lex.
The same may be said as to the price of the dry goods boxes allowed at $1.50. Otherwise the sums allowed to plaintiff are not criticised by appellant.
The appellant complains that he should have been allowed more than ten dollars for damages done to his goods by the workmen while putting a new foundation under the engine.
It is very questionable whether he ought to have been allowed anything.
The two men who did the work were sworn as witnesses, and their testimony destroys the claim of defendant for damages. They both testify very clearly that they observed due care in doing the work, and did not in anywise soil or come in contact with defendant’s goods. There is room to suspect that the goods of defendant became soiled from some other cause.
The appellant is dissatisfied because he was not allowed twenty dollars for the interruption of his business for the day when the engine was repaired. There is no pretense that the repair to the engine was not necessary. B necessary, it was for the benefit of defendant to have it done. He evidently approved, of having it done. Witness Delany testified that, before starting the work, he saw defendant who told him to be there early in the. morning, that everything was satisfactory. He did go at it early in the morning, and got the job completed by about 2 p. m., of the same day Considering that the repair was necessary, that defendant wanted it done, was satisfied with the time of doing it, and his people was working on half time at the season when it was done; he ought not to be paid for the delay.
The gas bills were apportioned and allowed according to the estimates made by plaintiff. There was no other or better criterion offered, which made it any clearer what the *276 correct apportionment should have been; so the finding, in that regard, ought not to be disturbed.
The amount and value of goods which plaintiff had of defendant are subjects of controversy. The plaintiff and. defendant do not agree in relation to them.
Neither party, sworn in his own behalf, has a right to insist that his testimony shall be given full weight; it might be entirely disregarded. A party giving testimony in his own behalf always rests under this condition.
No errors were committed by the referee which call for a reversal of the judgment.
It was essentially a case of disputed questions of fact, upon which the evidence, on almost every item, was conflicting, and such conflicts are always dfficult to reconcile.
The conclusions of the referee are, probably, as near right as any other would be likely to come, and the ends of justice and the interests of the parties, will be best promoted, by an affirmance of the judgment.-
The judgment is affirmed, with costs.
Landon, P. J., and Parker, J., concur.